# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

|  |  |  |
|---|---|---|
| DOUGLAS BOWEN, | ) | |
| Plaintiff, | ) | No. 4:13-CV-1919 JAR |
| v. | ) | |
| ATLANTIC CASUALTY INSURANCE COMPANY, INC. et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (ECF No. 9). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir. 1993); Manning v. Wal-Mart Stores East, Inc., 304 F. Supp. 2d 1146, 1148 (E.D. Mo. 2004) (citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997)). The party seeking removal and opposing remand has the burden of establishing jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); City of Univ. City, Missouri v. AT & T Wireless Services, Inc., 229 F. Supp. 2d 927, 929 (E.D. Mo. 2002).

A civil action brought in state court may be removed to the proper district court if the district court has original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Manning, 304 F.Supp.2d at 1148 (citing 28 U.S.C. § 1332(a)(1)).

## BACKGROUND

On or around December 29, 2012, Plaintiff Douglas Bowen ("Bowen") filed a cause of action against Bharat Saheba and Kashev Kalindi, LLC in the Circuit Court of Callaway County for personal injuries ("the underlying case"). Bowen alleged that he suffered injuries while he was a guest in the Westwood Motel, which was owned and operated by defendants Saheba and Keshav Kalindi, LLC (Amended Petition, ECF No. 4, ¶7).[1] At the time of Bowen's injuries, defendants Saheba and Keshav Kalindi, LLC were insured by a policy issued by Atlantic Casualty Insurance Company, Inc. ("ACI"). (Id., ¶8). ACI refused to defend or indemnify Saheba and Keshav Kalindi, LLC in the underlying case. (Id., ¶9). On June 21, 2013, Bowen, Saheba and Keshav Kalindi, LLC entered into a §537.065 agreement,[2] whereby "[Bowen] agreed

---

[1] On or around August 19, 2012, Bowen was injured while attempting to unclog a drain in his motel room using liquid drano given to him by motel staff. (Amended Petition, ¶7; ECF No. 10-1, ¶9). Kashev Kalindi, LLC is Saheba's LLC. See Plaintiff's Reply Memorandum of Law in Support of Motion to Remand ("Reply"), ECF No. 12, p. 1.

[2] Section 537.065 provides, in relevant part, "Any person having an unliquidated claim for damages against a tort-feasor, on account of bodily injuries or death, may enter into a contract with such tort-feasor or any insurer in his behalf or both, whereby, in consideration of the payment of a specified amount, the person asserting the claim agrees that in the event of a judgment against the tort-feasor, neither he nor any person, firm or corporation claiming by or through him will levy execution, by garnishment or as otherwise provided by law, except against the specific assets listed in the contract and except against any insurer which insures the legal liability of the tort-feasor for such damage and which insurer is not excepted from execution, garnishment or other legal procedure by such contract. Execution or garnishment proceedings in aid thereof shall lie only as to assets of the tort-feasor specifically mentioned in the contract or the insurer or insurers not excluded in such contract."

to levy execution of any Judgment he might obtain in the underlying case only against any insurer which insures the legal liability of Defendants Saheba and Keshav Kalindi, LLC, and whereby they assigned to [Bowen] any action or claim they may have against Defendant ACI or any other insurance company." (Id., ¶10).[3] After trial, a Judgment was entered on July 8, 2013, in favor of Bowen and against Saheba and Keshav Kalindi, LLC in the amount of $6,000,000.00 for Bowen's personal injuries. (Id., ¶11). ACI has refused to pay the policy limits despite a demand to do so. (Id., ¶12).

On August 15, 2013, Bowen filed this action in the Circuit Court of the City of St. Louis, alleging a claim for equitable garnishment under §379.200, R.S. Mo.[4] against defendants ACI, Saheba, and Keshav Kalindi, LLC; a claim for vexatious refusal to defend and to pay under §§375.296 and 375.420, R.S. Mo. against ACI; and a claim for breach of contract duty to defend against ACI. In this action, Bowen alleges that, under §379.200, R.S. Mo., he is the judgment creditor of defendants Saheba and Keshav Kalindi, LLC and is entitled to have the Judgment satisfied by ACI under the insurance policy issued to Saheba and Keshav Kalindi, LLC. (Amended Petition, ¶13).

ACI removed this action to this Court on September 27, 2013, asserting diversity jurisdiction pursuant to 28 U.S.C. §§1332, 1446. (Notice of Removal, ECF No. 1). ACI contends that, at the time of the filing of the underlying action, Bowen was a citizen of Missouri

---

[3] The Court notes that this agreement only affects Count I of the Amended Petition at issue in this case. See Notice of Removal, ¶4.
[4] Section 379.200 provides, "Upon the recovery of a final judgment against any person, firm or corporation by any person, including administrators or executors, for loss or damage on account of bodily injury or death, or damage to property if the defendant in such action was insured against said loss or damage at the time when the right of action arose, the judgment creditor shall be entitled to have the insurance money, provided for in the contract of insurance between the insurance company, person, firm or association as described in section 379.195, and the defendant, applied to the satisfaction of the judgment, and if the judgment is not satisfied within thirty days after the date when it is rendered, the judgment creditor may proceed."

(id., ¶8), ACI was a North Carolina corporation with its principal place of business in North Carolina (id., ¶9), and defendants Saheba and Kalindi were residents the State of Missouri (id., ¶10).[5] ACI maintains that this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. ACI suggests that defendants Saheba and Keshav Kalindi, LLC have been fraudulently joined to this suit as co-defendants and their citizenship should not be considered for purposes of determining diversity jurisdiction. (Id., ¶4). ACI asserts that, because Saheba and Keshav Kalindi, LLC assigned their claims to ACI, Bowen joined Saheba and Keshav Kalindi, LLC as defendants solely to prevent removal of this action. Therefore, ACI asks this Court not to consider the citizenship of Saheba and Keshav Kalindi, LLC when determining whether diversity jurisdiction exists. In the alternative, ACI contends that this action should be removed based upon realignment of the parties. (Id., ¶5). ACI asserts that Bowen's interest is the same as Saheba and Keshav Kalindi, LLC's interest because Bowen waived and assigned his claims in favor of defendants Saheba and Keshav Kalindi, LLC. (Id.). Finally, in the alternative, ACI asks this Court to sever Count I and retain jurisdiction of Counts II and III.

## DISCUSSION

Defendant ACI removed this action asserting diversity jurisdiction. The parties do not dispute that the amount in controversy is in excess of $75,000 and, thus, satisfies the jurisdictional amount. The only issue for the Court is whether complete diversity of the parties exists.

---

[5] Notably, ACI does not state that Saheba and Kashev Kalindi, LLC are/were citizens of the State of Missouri. (Notice of Removal, ¶10). Citizenship, not residency, is the proper inquiry in determining diversity jurisdiction. See 28 U.S.C. §1332.

As stated, ACI claims that there is complete diversity because Saheba and Keshav Kalindi, LLC are not necessary parties to this action. In the alternative, ACI asserts that the parties should be realigned such that Bowen, Saheba and Keshav Kalindi, LLC would be "plaintiffs," so that there would be complete diversity between the parties.

## I.     Saheba and Keshav Kalindi, LLC are necessary parties

ACI claims that Saheba and Keshav Kalindi, LLC are not necessary parties, but are pretensively joined (Memorandum in Opposition to Plaintiff's Motion to Remand ("Opposition"), ECF No. 11, p. 5). ACI claims that a defendant insured in an underlying action is not a necessary party in the following equitable garnishment action under §379.200, R.S. Mo., brought by the judgment creditor against the insurance company. Id., p. 5 (citing Mazdra v. Selective Ins. Co., 398 S.W.2d 841, 845-46 (Mo. 1966); Ingram v. Shelter Mut. Ins. Co., 922 S.W.2d 854 (Mo. Ct. App. 1996). ACI asserts that Saheba and Keshav Kalindi, LLC are not proper defendants in this action because judgment has been entered against them, and there is no relief that Bowen could be afforded against them, other what was obtained in the original judgment. ACI further argues that federal precedent deeming the policy holders necessary parties in the subsequent equity action is incorrect. (Opposition, p. 6)(noting the use of "may," which is not an imperative, and contending that "and" actually means "or" in §379.200, R.S. Mo.). In sum, ACI asserts that the §537.065 agreement and the prior Judgment renders Saheba and Keshav Kalindi, LLC unnecessary parties because there is no basis for predicating liability against them.

In his Reply, Bowen maintains that the insureds, Saheba and Keshav Kalindi, LLC, are necessary parties under relevant Eighth Circuit and Eastern District of Missouri case law. (Reply, pp. 1-2). These Courts have held that § 379.200, R.S. Mo. "requires that the plaintiff

"proceed in equity against the defendant *and* the insurance company." Demann v. Liberty Mut. Fire Ins. Co., 4:12CV00990 ERW, 2012 WL 3939827, at *2 (E.D. Mo. Sept. 10, 2012); Glover v. State Farm Fire & Cas. Co., 984 F.2d 259, 261 (8th Cir. 1993)("Because the insurer is entitled … to assert any defenses it has against the insured, the Missouri legislature had good reason to require that the judgment debtor be joined in the statutory action, even if that action does not expose the judgment debtor to any risk of additional liability.")[6]; Kendall v. N. Assur. Co. of Am., 09-0539-CV-W-GAF, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009)("Courts have consistently held that §379.200 requires plaintiffs to join the judgment debtor in an equitable garnishment action filed pursuant to this statute."). Further, Bowen states that Saheba and Keshav Kalindi, LLC are necessary and proper party defendants because they remain obligated to Bowen under Missouri law. (Reply, p. 3)(citing Sexton v. Omaha Prop. & Cas. Ins. Co., 231 S.W.3d 844, 850 (Mo. Ct. App. 2007), which rejected the insurer's argument that because the insured entered into a § 537.065 agreement with the judgment creditor, then the insured is only legally obligated for the damages provided in the agreement).

Under relevant and applicable Eighth Circuit and Eastern District of Missouri precedent, as well as the clear language of §379.200, the Court finds that Saheba and Keshav Kalindi, LLC are necessary parties to this action. See Demann, 2012 WL 3939827, at *2; Glover, 984 F.2d at 261; Kendall, 2009 WL 2632757, at *2; Fleming v. Liberty Surplus Ins. Corp., 4:12-CV-1478 CDP, 2012 WL 6200526, at *2 (E.D. Mo. Dec. 12, 2012)(the "statutory text [of §379.200] requires

---

[6] The Glover court also distinguished Mazdra as a procedural case because, for the first time on appeal, the Mazdra defendant insurance company objected to the insured's absence from the suit. The Mazdra court held that the insurer could not first raise that issue on appeal. The Eighth Circuit doubted whether Mazdra stood for "the general proposition that the Missouri courts will ignore the plain statutory command that the judgment debtor be joined in an action under § 379.200." Glover, 984 F.2d at 261.

joinder of the insured as a defendant"). The Court believes that Saheba and Keshav Kalindi, LLC are not fraudulently joined and their citizenship as party defendants must be considered for purposes of diversity jurisdiction.

## II.     Realignment as Party Plaintiffs

In the alternative, ACI asserts that Saheba and Keshav Kalindi, LLC should be realigned as party-plaintiffs because at the commencement of this action, they were released of personal liability by Bowen and they assigned any claims they had against ACI to Bowen. (Opposition, pp, 3-4, p. 9 (citing §537.065 Contract, ECF No. 1-3, pp. 116-120)). ACI contends that the Court should consider Saheba and Keshav Kalindi, LLC as party-plaintiffs for purposes of determining diversity jurisdiction.

ACI also asserts that if this Court realigned Saheba and Keshav Kalindi, LLC as party-plaintiffs, then the Court would not have to consider ACI to be a constructive citizen of Missouri pursuant to 28 U.S.C. §1332(c)(1) because the §379.200 claim is not a "direct action." Section 1332(c)(1) provides that, "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State and foreign state of which the insured is a citizen[.]" ACI contends that "direct action" statutes allow the insured to pursue the actual causes of action against the insurance company. (Opposition, p. 8). ACI asserts that this is not a "direct action" because the injured plaintiff was required to pursue the tortfeasors prior to pursuing the insurance company. (Id.). As such, ACI suggests that §1332(c)(1) does not apply and ACI cannot be deemed a constructive citizen of Missouri. Because it maintains that this is not a direct action, ACI argues that the Court should retain this

case by dismissing Saheba and Keshav Kalindi, LLC as fraudulently joined (as discussed above) or realigning them as party-plaintiffs. (Opposition, p. 9).

In Reply, Bowen states that federal courts have rejected this argument on numerous occasions. (Reply, pp. 3-4). A Court in this district has held that "[t]his case is an equitable garnishment action brought under R.S. Mo. § 379.200. Such a suit is a 'direct action' against an insurer for purposes 28 U.S.C. § 1332(c)(1)." Am. States Ins. Co. v. Gates Corp., 4:07CV932 RWS, 2008 WL 163588, at *3 (E.D. Mo. Jan. 17, 2008)(citing Prendergast v. Alliance Gen. Ins. Co., 921 F.Supp. 653, 655 (E.D.Mo.1996)). Bowen further argues that, if Saheba and Keshav Kalindi, LLC were realigned as party-plaintiffs then ACI should be deemed a citizen of Missouri under the operation of 28 U.S.C. §1332(c)(1). See Am. States Ins. Co., 2008 WL 163588, at *3 ("If [the insured] is realigned as a plaintiff … then it would no longer be a party-defendant in this matter. The result would be that an insured is not a party-defendant in the matter and [the insurer] would be deemed to be a citizen of Missouri by operation of § 1332(c)(1)."); Fleming, 2012 WL 6200526, at *1 ("An equitable garnishment action under Mo.Rev.Stat. § 379.200 is a direct action, ... and [insured] Wright was not named as a defendant, so Liberty Surplus is deemed to be a citizen of Illinois. Because plaintiff Wright and defendant Liberty Surplus are both citizens of Illinois, complete diversity does not exist on the face of the complaint."). Thus, Bowen argues that even if Saheba and Keshav Kalindi, LLC were realigned as party-plaintiffs and are no longer considered party-defendants in this matter, then there would still not be complete diversity. The result would be that ACI would be deemed to be a citizen of Missouri by operation of 28 U.S.C. §1332(c)(1). That is, Bowen, Saheba and Keshav Kalindi, LLC and ACI would all be citizens of Missouri, the complete diversity requirement of §1332(a) would not be met, and the matter would be remanded. In other words, because "in a direct action against an

insurer, the insurer is deemed to be a citizen of the same state as its insured if the insured is not joined as a party-defendant" Am. States Ins. Co., 2008 WL 163588, at *3, realignment would not result in diversity of the parties.

The Court agrees that realignment of Saheba and Keshav Kalindi, LLC is improper and, furthermore, that it would not result in this Court retaining jurisdiction under 28 U.S.C. §1332. "Given the Court's previous rulings and the plain statutory command of § 379.200, realignment of [Saheba and Keshav Kalindi, LLC] is improper because they are 'necessary party defendant[s] to the action under Mo.Rev.Stat. § 379.200.'" Kendall, 2009 WL 2632757, at *2 (W.D. Mo. Aug. 25, 2009)(citing Haines v. Sentinel Ins., Co., No. 08–00981–CV–W–FJG, 2009 WL 648894, at *2 (W.D.Mo. March 11, 2009)). Further, even if they were realigned, this case would still be remanded because the Court would deem ACI to be a Missouri citizen under operation of 28 U.S.C. §1332.

### III. Sever

Alternatively, ACI states that the Court should sever the Petition and maintain its original jurisdiction over Bowen's claims in Counts II and III against ACI. (Opposition, p. 10). ACI suggests that this Court can sever and remand Bowen's equitable garnishment count and maintain jurisdiction over the breach of contract and vexatious refusal counts "[i]n a fashion similar to the process found in 28 U.S.C. §1441(c)." (Opposition, p. 5).

In Reply, Bowen suggests that this Court cannot have jurisdiction over his claims because there is not complete diversity, which is required under 28 U.S.C. §1332. Bowen states that "ACI cannot be nondiverse for part of the case, which destroys diversity, yet simultaneously be diverse for another part of the case so that this Court would somehow have jurisdiction. That would not be complete diversity." (Reply, p. 7)(emphasis in original). Further, Bowen

maintains that the claims in this case are not "separate and independent" claims that can be tried in two tribunals. (Id.). Bowen asserts that all of the claims for equitable garnishment, breach of contract and vexatious refusal, "turn on the question of coverage under ACI's policy" and must be resolved in one hearing for purposes of consistency and economy. (Id.).

The Court agrees that Bowen's claims all arise out of a single, underlying harm. The Court declines to split Bowen's claims to allow ACI to have a federal forum for the breach of contract and vexatious refusal claims when the equitable garnishment claim will involve the same underlying facts. The Court finds that it would not be in the interest of justice or judicial economy to sever the breach of contract and vexatious refusal claims.

## CONCLUSION

The Court grants Plaintiff's Motion to Remand because the parties to this action are not completely diverse. The Court finds that Saheba and Keshav Kalindi, LLC are proper defendants to Bowen's § 379.200 claim and that they cannot be realigned as party-plaintiffs. Further, even if they could be realigned, there would not be complete diversity of the parties because ACI would be deemed a citizen of Missouri by operation of 28 U.S.C. §1332(c)(1). Finally, the Court refuses to sever Counts II and III because it would result in splitting Bowen's claims and potentially inconsistent verdicts.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [9] is **GRANTED**. This matter shall be remanded to the Twenty Second Circuit of Missouri in City of St. Louis, Missouri for further proceedings. An order of remand accompanies this Order.

Dated this 25th day of November, 2013.

                                                /s/ John A. Ross
                                                **JOHN A. ROSS**
                                                **UNITED STATES DISTRICT JUDGE**